UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER HUGHES,**<br>    Plaintiff,<br><br>v.<br><br>**CHRISTINE WORMUTH,**<br>**Secretary of the Army,**<br>**Department of the Army,**<br>    Defendant. | Case No. 1:21-cv-730-CLM |

## MEMORANDUM OPINION AND ORDER

Christopher Hughes was a civilian employee at the Anniston Army Depot. He applied for the Heavy Mobile Equipment Leader position and was selected for and offered that position. But one day later, the Depot rescinded the offer. Hughes now sues Christine Wormuth, the acting Secretary of the Army, for disability discrimination, race discrimination, and retaliation. (Doc. 17). Wormuth has moved to dismiss Hughes' complaint for lack of jurisdiction under Rule 12(b)(1) and for failure to state a claim upon which relief can be granted under Rule 12(b)(6). (Doc. 18). For the reasons stated below, the court will **GRANT** that motion and dismiss all three counts of Hughes' complaint.

## STANDARDS OF REVIEW

### I.  Rule 12(b)(6)

Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do." *Id.* (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 556).

## II.     Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows the court to dismiss a complaint for lack of subject matter jurisdiction. A party may challenge jurisdiction under Rule 12(b)(1) as either a facial attack or a factual attack. A facial attack challenges whether the allegations of subject matter jurisdiction are sufficient, taking all allegations in the plaintiff's complaint as true. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). On the other hand, a factual attack challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* Wormuth's motion to dismiss makes a factual attack, arguing Hughes' race discrimination claim should be dismissed for failure to exhaust administrative remedies before suing. (Doc. 18).

When a party makes a factual attack, the court's ability to make findings of fact and weigh evidence depends on whether the attack implicates the merits of the plaintiff's claim. *Garcia v. Copenhaver, Bell & Associates*, 104 F.3d 1256, 1261 (11th Cir. 1997)). When the jurisdictional challenge implicates the merits of the claim, the district court should "find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Garcia*, 104 F.3d at 1261. But when the challenge does not implicate the merits of the claim, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.*; *Lawrence*, 919 F.2d at 1529 (explaining that with a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.").

The inquiry into whether Hughes properly exhausted his administrative remedies does not implicate the merits of his claims, so the court can weigh the evidence, including extrinsic evidence. Thus, the court will decide this portion of the motion to dismiss under the 12(b)(1) standard. Hughes bears the burden of establishing that subject matter jurisdiction is proper in the face of Wormuth's challenge. *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

## STATEMENT OF THE ALLEGED FACTS

Christopher Hughes, a 40-year-old Black male who alleges he has a disability, was employed by the Army at the Anniston Army Depot in Anniston, Alabama. In early 2018, Hughes applied to be a Heavy Mobile Equipment Work Leader at the Depot. He was offered the position on May 2, 2018, but that offer was rescinded the next day. Hughes was selected as the first alternate for the position.

A few weeks later, Hughes' supervisor issued him a Memorandum for Record (MFR) for loafing, idleness, failure to work on assigned duties, and delay in carrying out instructions. Hughes alleges that he would routinely take a short break because of his disability, and that the MFR was retaliation for his prior EEOC activity. Hughes also alleges the Army purposely failed to give him the accommodations he needed and sanctioned him for taking his rightful accommodations.

Hughes filed a complaint with the EEOC in June 2018, in which he claimed that he was discriminated against because of physical disability, mental disability, and reprisal. (Doc. 17-1 at 2). Hughes stated that "I was chosen for this job on a tentative offer. I think after the division chief found out I had restrictions on my disabilities he rescinded the offer. This complaint is about non selection." (*Id.*). The EEOC found no discrimination, and Hughes timely sued.

## DISCUSSION

Hughes pleads three counts in his third amended complaint: (1) disability discrimination, (2) race discrimination, and (3) unlawful retaliation. He alleges violations of Title VII of the Civil Rights Act, 42 U.S.C. § 1981, and the Rehabilitation Act. Wormuth seeks dismissal of Counts I and III under Rule 12(b)(6) for failure to state a claim and seeks dismissal of Count II under Rule 12(b)(1) for lack of jurisdiction.

### Count I: Disability Discrimination

Hughes alleges that management refused to reasonably accommodate his disability, which constituted unlawful discrimination against him. (Doc. 17 at 8). Wormuth argues that the court should dismiss Count I under Rule 12(b)(6) because Hughes does not allege that he requested an accommodation, nor does he allege sufficient factual allegations to infer he suffers from a disability or any resulting limitations. (Doc. 18 at 12).

To successfully state a failure to accommodate claim, the plaintiff must establish (1) he has a disability, (2) he is a qualified individual for the position, and (3) the employer unlawfully discriminated against him because of his disability. *D'Angelo v. ConAgra Foods, Inc.,* 422 F.3d 1220, 1226 (11th Cir. 2005). Under the third element, an employer unlawfully discriminates against a disabled employee by "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an . . . employee" unless it would impose an undue hardship on the employer. 42 U.S.C. § 12112(b)(5)(A); *Boyle v. City of Pell City*, 866 F.3d 1280, 1289 (11th Cir. 2017). But "[t]he plaintiff bears the burden of identifying an accommodation, and of demonstrating that the accommodation allows him to perform the job's essential functions." *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255–56 (11th Cir. 2001). When the plaintiff fails to request a reasonable accommodation, the employer has no duty to provide one. *Gaston v. Bellingrath Gardens & Home, Inc.,* 167 F.3d 1361, 1363 (11th Cir. 1999).

4

In his third amended complaint, Hughes alleges that he "is a qualified individual with a disability," "would regularly take a short break due to his disability," that his "physical disability was on record with the Agency," and that "[he] vocalized his disability to the Agency's managerial staff and appropriate accommodations were discussed and implemented." (Doc. 17 at 4, 7). He then alleges that the defendant "purposely failed to account for [his] disability" and "purposely failed to give him appropriate accommodations and sanctioned him for taking his rightful accommodations." (doc. 17 at 7).[1]

Even taking these allegations as true (as the court must), Hughes merely alleged "a formulaic recitation of the elements" for his failure to accommodate claim. *Twombly*, 550 U.S. at 555. Hughes provided no factual allegations describing his disability. Instead, he only alleged that he was disabled and the defendant knew about it. Even more, Hughes failed to allege that he requested a reasonable accommodation. His allegation that "appropriate accommodations were discussed and implemented" falls short of what is needed to survive a motion to dismiss. Like his disability, Hughes failed to allege any facts that plausibly state what accommodation he requested and the details of that request. Thus, Hughes failed to establish the necessary elements for his disability discrimination claim.

Because Hughes' complaint lacks sufficient allegations, accepted as true, to state a plausible claim for disability discrimination, the court will **GRANT** Wormuth's motion to dismiss as to count I.

---

[1] In his response to Wormuth's motion to dismiss, Hughes alleges new facts about his disability and the defendant's knowledge of his disability. But because these allegations were not in the plaintiff's first, second, or third complaint, and only brought to light in response to a motion to dismiss, the court cannot consider them. *See St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002) (holding that when considering a defendant's motion to dismiss, "[t]he scope of the review must be limited to the four corners of the complaint."); *Gibbons v. McBride*, 124 F. Supp. 3d 1342, 1381 (S.D. Ga. 2015) ("A complaint may not be amended by briefs in opposition to a motion to dismiss.").

### Count II: Race Discrimination

Hughes next alleges that one of the motivating factors behind the discrimination against him was his race, and that the defendant knew of his race before discriminating against him. (Doc. 17 at 9). Wormuth argues that the court should dismiss this claim under Rule 12(b)(1) for lack of jurisdiction because Hughes failed to exhaust his administrative remedies for race discrimination by not first presenting the claim to the EEOC for resolution. (Doc. 18 at 11).

A federal employee must pursue and exhaust administrative remedies as a jurisdictional prerequisite before suing under Title VII. *Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999). This process allows the EEOC "to investigate and resolve the dispute between the employee and the employer." *Id.* The employee must "demonstrate good faith participation in the administrative process, which includes making specific charges and providing information necessary to the investigation." *Id.* (quoting *Briley v. Carlin,* 172 F.3d 567, 571 (8th Cir. 1999)).

While the court will allow allegations not present in the EEOC complaint if they "'amplify, clarify, or more clearly focus' the allegations in the EEOC complaint, . . . allegations of new acts of discrimination are inappropriate." *Gregory v. Georgia Dept. of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (quoting *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989). In *Gregory*, for example, the court found it appropriate to allow a retaliation claim that was not marked on the plaintiff's EEOC complaint because

> [t]he facts alleged in her EEOC charge could have reasonably been extended to encompass a claim for retaliation because they were inextricably intertwined with her complaints of race and sex discrimination. That is, she stated facts from which a reasonable EEOC investigator could have concluded that what she had complained about is retaliation because of her complaints of Dr. Fuller's disparate treatment to the

6

hospital's administration. Specifically, shortly after being subjected to certain allegedly discriminatory acts, she was terminated. An EEOC investigation of her race and sex discrimination complaints leading to her termination would have reasonably uncovered any evidence of retaliation.

On the other hand, when the new claim does not grow out of the EEOC complaint, that claim should be dismissed for lack of jurisdiction because the plaintiff failed to administratively exhaust it. *Hines v. Wilkie*, 2021 WL 2688549, at *3 (N.D Ala. June 30, 2021) (dismissing race discrimination claim when "the plaintiff alleged only disability-based discrimination when she filed her EEO complaint regarding the VA's failure to promote her, and thus did not exhaust her administrative remedies for race-based discrimination.").

Hughes' race discrimination claim does not grow out of, or "amplify, clarify, or more clearly focus," the allegations in his EEOC complaint. *Gregory*, 355 F.3d at 1279. Unlike the example in *Gregory*, where the claim of retaliation was intertwined with the claims of race and sex discrimination, Hughes' claim of race discrimination is not intertwined with his claims of disability discrimination and retaliation.

In his EEOC complaint, Hughes checked the boxes for mental disability, physical disability, and reprisal. (Doc. 17-1 at 2). He explained the discrimination as "I was chosen for this job on a tentative offer. I think after the division chief found out I had restrictions on my disabilities he rescinded the offer. This complaint is about non selection." (*Id.*).

In his response to Wormuth's motion to dismiss, Hughes attached a "pre-complaint form" that marked an allegation about race and reprisal.[2] But that form did not identify the plaintiff and did not mention disability. Hughes claims this exhibit shows race was selected during the defendant's

---

[2] The court normally would not consider new information in a brief in opposition to a motion to dismiss. *See Gibbons*, 124 F. Supp. 3d at 1381. But because Wormuth challenges this court's jurisdiction and that challenge does not implicate the merits of the claim, the court may consider extrinsic evidence beyond the complaint. *See Garcia*, 104 F.3d at 1261.

7

investigation of his claims. But no other evidence supports this conclusion, and the EEOC's final decision only mentioned disability and reprisal. Without more, the court cannot conclude that Hughes properly exhausted his administrative remedies for his race discrimination claim. Therefore, the court will **GRANT** Wormuth's motion to dismiss this claim for lack of jurisdiction under Rule 12(b)(1).

### **Count III: Retaliation**

As recounted in the Background, Hughes was issued a Memorandum for Record (MFR) for loafing, idleness, failure to work on assigned duties, and delay in carrying out instructions. Hughes alleges that the defendants issued the MFR in retaliation for Hughes having asserted previous claims of discrimination. (Doc. 17 a 10). Wormuth argues that this claim should be dismissed because Hughes did not allege he participated in protected activity before his non-selection, and the issuance of the MFR was not an adverse action.

There are three steps for retaliation claims under both Title VII and the Rehabilitation Act. *Frazier v. Secretary, Dep't of Health & Hum. Servs.*, 710 F. App'x 864, 869 (11th Cir. 2017) ("We assess ADA retaliation claims, and thus Rehabilitation Act claims, under the same framework employed for retaliation claims arising under Title VII."). In the first step, the plaintiff must "show (1) that []he engaged in statutorily protected activity, (2) that []he suffered an adverse action, and (3) that the adverse action was causally related to the protected activity." *Gogel v. Kia Motors Mfg. of Ga., Inc.*, 967 F.3d 1121, 1134 (11th Cir. 2020) (en banc) (quotation marks omitted). If the plaintiff does so, the second step requires the employer to "rebut the presumption [of retaliation] by articulating a legitimate, non-discriminatory reason for the employment action." *Id.* at 1135. And if the employer satisfies step two, step three requires the plaintiff to show "that the 'proffered reason was merely a pretext to mask [retaliatory actions].'" *Id.*

"[M]istreatment based on retaliation for protected conduct—for example, making or supporting a charge of discrimination—is actionable

whether or not the mistreatment rises to the level of a tangible employment action, but only if the mistreatment 'well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Monaghan v. Worldpay US, Inc.*, 955 F.3d 855, 861 (11th Cir. 2020) (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)). The standard for retaliation "protects employees more broadly—and is more easily satisfied—than the standard applicable to claims of discrimination." *Id.*

Hughes alleges he engaged in protected activity by asserting previous claims of discrimination and for taking his rightful accommodations.[3] Those allegations, taken as true, state a plausible claim that he engaged in protected activity. Hughes then alleges that he received an MFR because he engaged in those activities. But in his complaint, Hughes in no way attempts to explain how receiving an MFR is adverse and how it might "dissuade a reasonable worker from making or supporting a charge of discrimination." *Monaghan*, 955 F.3d at 861. So Hughes has failed to satisfy the first step for a retaliation claim and thus fails to state a plausible claim. So the court will **GRANT** Wormuth's motion to dismiss Count III under 12(b)(6).

## CONCLUSION

For the reasons above, the court **GRANTS** Wormuth's motion to dismiss in its entirety. (Doc. 18). The court will enter a separate order that carries out this opinion.

**DONE** and **ORDERED** on December 30, 2022.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE

---

[3] In his response to Wormuth's motion to dismiss, Hughes asserts new facts about his status as a union representative and how that may have impacted his non-selection for the position. The court will not consider those new facts. *See Gibbons*, 124 F. Supp. 3d at 1381.